UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x
UNITED STATES OF AMERICA,                          :
                                                   :
    *Plaintiff*,                                    :
                                                   :
    v.                                             :
                                                   :
RONALD D. COLEMAN, individually and as             :  Case No. 2:15-cv-7284
executor of the Estate of Anna D. Coleman, a/k/a   :
Anna Dillard Coleman,                              :
SOPHIA LAVERNE COLEMAN,                            :
HELEN RENAY COLEMAN, a/k/a HELEN                   :
RENAY MATTADEEN                                    :
CHERYL ANN COLEMAN,                                :
NASSAU COUNTY TREASURER,                           :
RAYMOND CALAME, TREASURER OF THE                   :
INCORPORATED VILLAGE OF HEMPSTEAD,                 :
HARVEY WEISMAN,                                    :
LB-LIBERTY LLC,                                    :
SHANAY HOUSE,                                      :
NASSAU UNIVERSITY MEDICAL CENTER,                  :
MIDLAND FUNDING LLC A/P/O TARGET                   :
NATIONAL BANK, and                                 :
NEW YORK STATE DEPARTMENT OF                       :
TAXATION AND FINANCE                               :
                                                   :
    *Defendants*.                                  :
------------------------------------------------------------------ x

## COMPLAINT

The United States of America, pursuant to 26 U.S.C. §§ 7401, 7402, 7403, and 7404, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General of the United States, brings this civil action (1) to reduce to judgment certain unpaid federal tax liabilities of the Estate of Anna D. Coleman, a/k/a Anna Dillard Coleman (the "Estate"); (2) to enforce federal tax liens against certain parcels of real property, identified below, held by the Estate; (3) for an accounting of probate assets subject to federal tax liens. In support of this action, the United States alleges as follows:

1

**Jurisdiction, Venue, and Parties**

1. Jurisdiction over this action is conferred upon this Court under 28 U.S.C. §§ 1331, 1340, and 1345 and 26 U.S.C. §§ 7402 and 7403.

2. Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) and 1396.

3. Anna D. Coleman, deceased, resided in the Eastern District of New York, and the property against which the United States seeks to enforce its liens is located in the Eastern District of New York.

4. Ronald D. Coleman is the son of the Anna D. Coleman, and the executor of the Estate, and has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

5. Sophia Laverne Coleman is the daughter of the Anna D. Coleman and has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

6. Helen Renay Coleman is the daughter of the Anna D. Coleman and has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

7. Cheryl Ann Coleman is the daughter of the Anna D. Coleman and has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

8. Nassau County Treasurer is named as a defendant because it has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

9. Harvey Weisman is named as a defendant because he has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

10. Raymond Calame, Treasurer of the Incorporated Village of Hempstead is named as a defendant because he has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

11. LB-Liberty LLC is named as a defendant because it has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

12. Shanay House is named as a defendant because she has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

13. Nassau University Medical Center is named as a defendant because it has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

14. Midland Funding LLC A/P/O Target National Bank is named as a defendant because it has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

15. New York State Department of Taxation and Finance is named as a defendant because it has, or may claim, an interest in the real property against which the United States seeks to enforce its liens.

**Background**

16. Anna D. Coleman died on December 28, 2005.

17. Mrs. Coleman's husband, Ronald Gilbert Coleman, predeceased her.

18. The Last Will and Testament of Anna D. Coleman was presented for probate to the Surrogate's Court, County of Nassau and admitted to probate by such Court on March 7, 2006.

19. Letters Testamentary and Letters of Trusteeship were issued to Ronald D. Coleman on February 6, 2007.

20. The Estate filed a Form 706, United States Estate and Generation-Skipping Transfer Tax Return on or about May 7, 2007, showing an amount due of $775,790.00.

### Count I: Reduce the Estate's Unpaid Tax Liabilities to Judgment
### (Ronald D. Coleman, in his capacity as executor of the Estate)

21. The sole defendant to this count is Ronald D. Coleman, in his capacity as executor of the Estate.

22. On May 7, 2007, a delegate of the Secretary of the Treasury made an assessment against the Estate for unpaid estate tax, penalties, and interest, which has a balance due after accounting for all payments and credits and with accruals as of November 16, 2015 of $947,551.15.

23. On or about the date of the tax assessment described in paragraph 22, a delegate of the Secretary of the Treasury gave notice of that assessment to, and made a demand for payment of the balance due upon, the Estate.

24. Despite such notice and demand, the Estate has failed, neglected, or refused to fully pay the liabilities described in paragraph 22.

### Count II: Enforce Federal Tax Liens Against Real Property
### (All defendants)

25. By Indenture Deed dated March 25, 1971, Ronald Gilbert Coleman conveyed to Anna D. Coleman a parcel of real property located at 102-104 Lawson Street, Hempstead, NY (the "Real Property"), that is legally described as follows:

> All that certain plot, piece or parcel of land, with the buildings and improvements thereon erected, situate, lying and being in the Incorporated Village of Hempstead, Town of Hempstead, County of Nassau and State of New York, known and designated as part of lots 27, to 31 inclusive in block 27 on a certain map entitled, "Section 2, Property at Hempstead, Nassau County, New York, South Hempstead Realty Co., Longsere Building, Broadway and 42nd Street, New York City, C.W. Smith, C.E. and Surveyor, dated June 28, 1915, "and filed in the office of the Clerk of the County of Nassau on July 16, 1915 under the file Number 9, new number 305, and being more particularly bounded and described as follows: -
>
> Beginning at the corner formed by the intersection of the southerly side of Lawson Street with the easterly side of Long Beach Road (Oceanside Avenue); running thence easterly along the southerly side of Lawson Street 53.17 feet; running

4

>thence southerly at right angles to the southerly side of Lawson Street 100 feet; running thence westerly and parallel with the southerly side of Lawson Street 53.17 feet to the easterly side of Long Beach Road; thence northerly along the easterly side of Long Beach Road 100 feet to the Corner, the point or place of beginning.

The deed was recorded on March 17, 1972 with the Nassau County Clerk's Office, at book no. 8364, page no. 30.

26. At the time of her death, Anna D. Coleman was the owner of the Real Property.

27. Pursuant to 26 U.S.C. § 6324(a), on the date of Anna D. Coleman's death, a federal tax lien arose in favor of the United States upon the gross estate of Anna D. Coleman, including the Real Property.

28. Pursuant to 26 U.S.C. § 6321, on the date of assessment set forth in paragraph 22, above, a federal tax lien arose in favor of the United States upon all of the Estate's property and rights to property, including the Real Property.

29. On or about January 16, 2009, the Internal Revenue Service filed a Notice of Federal Tax Lien, in accordance with 26 U.S.C. § 6323(f), with the Nassau County Clerk's Office, upon the Estate for unpaid estate tax (Form 706).

30. Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Real Property, to have that property sold by an officer of the Court or by a receiver, pursuant to 26 U.S.C. § 7403(d), free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption, and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing, as permitted by 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the Court.

### Count III: Request for Accounting of Estate Assets
### (Ronald D. Coleman, in his capacity as executor of the Estate)

31. The sole defendant to this count is Ronald D. Coleman, in his capacity as executor of the Estate.

32. As described in paragraph 22 above, pursuant to 26 U.S.C. § 6324, a federal tax lien is attached to all assets that comprise the gross estate of Anna D. Coleman.

33. As described in paragraph 23 above, pursuant to 26 U.S.C. § 6321, a federal tax lien is attached to all property and rights to property of the Estate.

34. The United States therefore requests that the Court order Ronald D. Coleman, in his capacity as executor of the Estate, to provide an accounting of all such assets of the Estate, including any and all assets that have been transferred from the Estate to any individual or entity.

WHEREFORE, the plaintiff United States of America prays that:

A. The Court enter judgment in favor of plaintiff United States of America and against defendant Ronald D. Coleman, in his capacity as executor of the Estate, for unpaid federal estate taxes in the amount of $947,551.15 as of November 16, 2015, plus statutory accruals as allowed by law from that date.

B. The Court enforce the federal tax liens and appoint a receiver to sell the Real Property, free and clear of all rights, title, liens, claims, and interests of the parties, including any rights of redemption, and distribute the proceeds, after the payment of the costs of sale and any real estate taxes due and owing under 26 U.S.C. § 6323(b)(6), to the United States of America, or as otherwise determined by the Court;

C. The Court determine that any failure by any defendant other than the defendant Ronald D. Coleman, in his capacity as executor of the Estate, to timely plead a

       right, title, claim, or interest in any of the Real Property shall result in a default being entered against that party, and a default judgment finding that said party has no right, title, claim, lien, or other interest in the Real Property;

D.     The Court order Ronald D. Coleman to provide an accounting of all assets of the Estate, including any and all assets that have been transferred from the Estate to any individual or entity.

          Respectfully submitted,

          CAROLINE D. CIRAOLO
          Acting Assistant Attorney General
          Tax Division, U.S. Department of Justice

          */s/ Stephanie Weiner Chernoff*
          STEPHANIE WEINER CHERNOFF
          Trial Attorney, Tax Division
          U.S. Department of Justice
          P.O. Box 55
          Washington, D.C. 20044
          202-307-2251 (v)
          202-514-5238 (f)
          Stephanie.W.Chernoff@usdoj.gov