UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
UNITED STATES OF AMERICA,

                          Plaintiff,

           -against-

RONALD D. COLEMAN, individually and as
Executor of the Estate of Anna D. Coleman, a/k/a
Anna Dillard Coleman, SOPHIA LAVERNE COLEMAN,
HELEN RENAY COLEMAN, a/k/a HELEN RENAY
MATTADEEN, CHERYL ANN COLEMAN, NASSAU
COUNTY TREASURER, RAYMOND CALAME,
TREASURER OF THE INCORPORATED VILLAGE OF
HEMPSTEAD, HARVEY WEISMAN, LB-LIBERTY
LLC, SHANAY HOUSE, NASSAU UNIVERSITY
MEDICAL CENTER, MIDLAND FUNDING LLC A/P/O
TARGET NATIONAL BANK, and NEW YORK STATE
DEPARTMENT OF TAXATION AND FINANCE,

                          Defendants.
-------------------------------------------------------------------X

Index No.: 2:15-CV-7284

ANSWER
JURY TRIAL DEMANDED

      Defendant, HARVEY WEISMAN, through his attorney, KENNETH C. HENRY, JR., ESQ., respectfully answers the Plaintiff's, UNITED STATES OF AMERICA, Complaint as follows:

      1.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIRST" of the Complaint.

      2.     Admits the allegations contained in paragraph "SECOND" of the Complaint.

      3.     Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRD" of the Complaint.

      4.     Denies knowledge and information sufficient form a belief as to the truth of the allegations contained in paragraph "FOURTH" of the Complaint.

5. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTH" of the Complaint.

6. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in the paragraph "SIXTH" of the Complaint.

7. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "SEVENTH" of the Complaint.

8. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "EIGHTH" of the Complaint.

9. Admits the allegations contained in paragraph "NINTH" of the Complaint.

10. Admits the allegations contained in paragraph "TENTH" of the Complaint.

11. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "ELEVENTH" of the Complaint.

12. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWELVE" of the Complaint.

13. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTEENTH" of the Complaint.

14. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "FOURTEENTH" of the Complaint.

15. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "FIFTEENTH" of the Complaint.

16. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "SIXTEENTH" of the Complaint.

17. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "SEVENTEENTH" of the Complaint.

18. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "EIGHTEENTH" of the Complaint.

19. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "NINETEENTH" of the Complaint.

20. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTIETH" of the Complaint.

21. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY FIRST" of the Complaint.

22. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY SECOND" of the Complaint.

23. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY THIRD" of the Complaint.

24. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY-FOURTH" of the Complaint.

25. Admits the allegations contained in paragraph "TWENTY-FIFTH" of the Complaint.

26. Admits the allegations contained in paragraph "TWENTY-SIXTH" of the Complaint.

27. Admits the allegations contained in paragraph "TWENTY-SEVENTH" of the Complaint.

28. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph 'TWENTY EIGHTH" of the Complaint.

29. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "TWENTY NINE" of the Complaint.

30. Denies the allegations contained in paragraph "THIRTY" of the Complaint.

31. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY FIRST" of the Complaint.

32. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY SECOND" of the Complaint.

33. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY THIRD" of the Complaint.

34. Denies knowledge and information sufficient to form a belief as to the truth of the allegations contained in paragraph "THIRTY FOURTH" of the Complaint.

AS AND FOR A FIRST COUNTERLCLAIM
UNJUST ENRICHMENT

35. Answering Defendant paid the following sums to protect and safeguard the real estate at issue:

|  | 102 Lawson Street |
|---|---|
| 2011 Freeport taxes | $ 5,226.74 |
| Fees to record deed | $ 340.00 |
| Payment to get tenant to vacate | $ 6,000.00 |
| Legal fees to evict illegal tenant | $ 1,243.00 |
| Roof repair | $ 800.00 |
| Utilities | $ 136.33 |
| Home Depot repair | $ 2,821.83 |
| PC Richard stove | $ 651.75 |
| Total | $ 17,219.65 |

38. Answering Defendant by expending the $17,219.65 conferred a benefit upon the Plaintiff.

39. If the Plaintiff sells the subject property, Plaintiff will receive more than if Answering Defendant did not expend the $17,219.65.

40. If the Plaintiff sells the subject property, then it will accept and retain the benefit.

41. Under the circumstances it is inequitable for the Plaintiff to retain the benefit without paying the value of the benefit to Answering Defendant in the amount of $17,219.65.

**WHEREFORE,** Defendant, HARVEY WEISMAN, demands judgment be entered in his favor as follows:

    a. Dismissing the Complaint in its entirety;

    b. In the event the complaint is not dismissed a money judgment against the Plaintiff UNITED STATES OF AMERICA, in the amount of $17,219.65; and

    c. For such other, further and different relief which this Court deems just and proper.

Dated: April 12, 2016      KENNETH C. HENRY JR., P.C.
    Westbury, New York      Attorney for Defendant: Harvey Weisman

    /S/ Kenneth C. Henry, Jr,
By: Kenneth C. Henry, Jr., Esq.
900 Merchants Concourse, Suite303
Westbury, New York 11590
(516) 227-2200
Fax: (866) 277-8938
Email: ken@kenhenrylaw.com

TO:

CAROLINE D. CIRAOLO
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice
STEPHANIE WEINER CHERNOFF
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C.20044
202-307-2251 (v)
202-514-5238 (f)
Stephanie.W.Chernoff@usdoj.gov