UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
UNITED STATES OF AMERICA,

                Plaintiff,

      - against -

RONALD D. COLEMAN, as executor of the
Estate of Anna D. Coleman, a/k/a
Anna Dillard Coleman,

                Defendant.
----------------------------------------------------------------X

**REPORT AND**
**RECOMMENDATION**
CV-15-7284 (DRH)(AYS)

**ANNE Y. SHIELDS, United States Magistrate Judge:**

Plaintiff, United States of America (the "Government"), commenced this action pursuant to 26 U.S.C. §§ 7401, 7402, 7403, and 7404, with the authorization of a delegate of the Secretary of the Treasury, and at the direction of a delegate of the Attorney General of the United States, to recover unpaid tax liabilities against the estate of Anna D. Coleman, a/k/a Anna Dillard Coleman ("Anna Coleman"). (Am. Compl., Docket Entry ("DE") [43].) Presently before the Court, upon referral from the Honorable Denis R. Hurley, is a motion for default judgment, pursuant to Rule 55 of the Federal Rules of Civil Procedure, against Ronald Coleman ("Defendant" or "Coleman"), as executor of Anna Coleman's estate, seeking judgment in the amount of $775,254.11 for the unpaid balance of federal estate tax, plus statutory additions and interest, pursuant to 28 U.S.C. § 1961(c), from August 27, 2018 through the date of judgment herein. (DE [74].)

PROCEDURAL HISTORY

The Government commenced this action on December 22, 2015, to reduce to judgment estate taxes due with respect to the Estate of Anna D. Coleman (the "Estate") and to enforce

1

federal tax liens against a property located at 102-104 Lawson Street, Hempstead, NY (the "Property"). (Compl., DE [1].) Coleman was named both in his capacity as the executor of the Estate, and as an individual potentially holding an interest in the Property. Several other individuals and entities, including Sophia Laverne Coleman, Helen Renay Coleman, Cheryl Ann Coleman, Nassau County Treasurer, Raymond Calame, the Treasurer of the Incorporated Village of Hempstead, Harvey Weisman, LB-Liberty LLC, Shanay House, Nassau University Medical Center, Midland Funding LLC A/P/O Target National Bank, and the New York State Department of Taxation and Finance (collectively the "Lien Defendants") were joined as party defendants, pursuant to 26 U.S.C. § 7403(b), based upon their possible claimed interest in the Property upon which the Government seeks to enforce federal tax liens. (Id.; Am. Compl. ¶¶ 5-15.) The Government filed an Amended Complaint on December 14, 2014. (DE [43].) The Amended Complaint did not seek any additional relief, but merely added, as an additional defendant who may have or claim an interest in the Property, Christiana Trust as trustee for GSRAN-Z LLC. (Id.)

On February 15, 2017, the Government voluntarily dismissed this action as against Defendant LB-Liberty LLC, (DE [48]), which the District Court So Ordered on February 16, 2017. (Elec. Order of Hurley, J. dated Feb. 16, 2017.) None of the Lien Defendants other than Harvey Weisman appeared in this action and by Report and Recommendation dated January 26, 2017, this Court recommended that the Government's motion for a default judgment against the non-appearing Lien Defendants for a judgment declaring that each of them have no right, title, claim, lien or interest in the Property be granted. (DE [64].) Judge Hurley adopted the Report and Recommendation with respect to the Lien Defendants on February 20, 2018. (DE [68].)

This Court issued a second Report and Recommendation on January 26, 2017, solely

with respect to Coleman, recommending that the Government's motion for a default judgment against him be denied since there was no evidence from the docket sheet that Coleman had ever been properly served with the Amended Complaint. (DE [63].) That Report and Recommendation was also adopted by Judge Hurley on February 20, 2018. (DE [66].)

On July 18, 2018, the Government filed a stipulation of dismissal of Count II of the Amended Complaint, which served to dismiss the claims against all of the remaining Defendants except Coleman, in his capacity as executor of the Estate. (DE [70].) On August 20, 2018, the Clerk of the Court entered a notation of default against Coleman, (DE [73]), and on September 20, 2018, the Government moved for a default judgment against Coleman. (DE [74].) Judge Hurley referred the Government's motion for default judgment to the undersigned on September 24, 2018. That motion is now before the Court.

## BACKGROUND

Anna D. Coleman, whose husband, Ronald Gilbert Coleman, predeceased her, died on December 28, 2005. (Am. Compl. ¶¶ 17, 18.) Her last Will and Testament was presented to the Surrogate's Court, County of Nassau, and admitted to probate on March 7, 2006. (Id. ¶ 19.) Letters Testamentary and Letters of Trusteeship were issued to Ronald D. Coleman on February 6, 2007. (Id. ¶ 20.) The Estate filed a Form 706, United States Estate and Generation-Skipping Transfer Tax Return on or about May 7, 2007, showing an amount due of $775,790.00. (Id. ¶ 21.) On May 7, 2007, a delegate of the Secretary of the Treasury (the "Secretary") made an assessment against the Estate for unpaid estate tax, penalties, and interest, which has a balance due after accounting for all payments, credits, and abatements, plus statutory accruals, as of August 27, 2018, of $775,254.11. (Doane Decl. ¶¶ 5-6, DE [74-2].) On or about that same day, a delegate of the Secretary gave notice of that assessment, and made a demand for payment of

3

the balance due, upon the Estate. (Am. Compl. ¶ 24.) According to the Government, despite the notice and demand, the Estate has failed, neglected, or refused to fully pay its liabilities to the Secretary. (Id. ¶ 25.)

By Indenture Deed dated March 25, 1971, Ronald Gilbert Coleman conveyed the Property at issue herein to Anna Coleman. (Id. ¶ 26.) Such deed was recorded on March 17, 1972. (Id.) At the time of Anna Coleman's death, she was the owner of the Property. (Id. ¶ 27.) Pursuant to 26 U.S.C. § 6324(a), on the date of Anna Coleman's death, a federal tax lien arose in favor of the United States upon the gross estate of Anna Coleman, including the Property. (Id. ¶ 28.) Pursuant to 26 U.S.C. § 6321, on the date of assessment – May 7, 2007 – a federal tax lien arose in favor of the United States as to all of the Estate's property and rights to property, including the Property at issue herein. (Id. ¶ 29.)

On or about January 16, 2009, the Internal Revenue Service ("IRS") filed a Notice of Federal Tax Lien upon the Estate with the Nassau County Clerk's Office, in accordance with 26 U.S.C. § 6323(f), for unpaid estate tax (Form 706). (Id. ¶ 30.) Pursuant to 26 U.S.C. § 7403, the United States is entitled to enforce its liens upon the Property, to have that property sold by an officer of the Court or by a receiver – free and clear of all rights, titles, claims, and interests of the parties, including any rights of redemption – and to have the proceeds distributed, after the payment of the cost of sale and any real estate taxes due and owing, as permitted by 26 U.S.C. § 6323(b)(6), to the United States or as otherwise determined by the Court. (Id. ¶ 31.) A federal tax lien is now attached to (1) all assets that comprise the gross estate of Anna D. Coleman, and (2) all property and rights to property of the estate. (Id. ¶ 33-34.)

As Ronald Coleman is the executor of the Estate, the Government has named Ronald Coleman in his capacity as executor of the Estate, and requests that the Court enter judgment

4

against him in such capacity for unpaid federal estate tax in the amount of $775,254.11, as of August 27, 2018, plus statutory accruals, including interest, as allowed by law from that date. (Pl. Mot. for Default J. at 1.)

## DISCUSSION

I. <u>Legal Standard</u>

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. <u>See</u> Fed. R. Civ. P. 55; <u>Priestley v. Headminder, Inc.</u>, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. <u>See</u> Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. <u>See id.</u>

Where a default occurs, the well-pleaded factual allegations set forth in the Complaint are deemed to be true. <u>See</u> <u>Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.</u>, 973 F.2d 155, 158 (2d Cir. 1992); <u>see also</u> Fed. R. Civ. P. 8(b)(6) ("An allegation – other than one relating to the amount of damages – is admitted if a responsive pleading is required and the allegation is not denied."). However, "[i]t is well-established that a party is not entitled to a default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." <u>Allstate Ins. Co. v. Howell</u>, No. 09-cv-4460, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." <u>Gunawan v. Sake Sushi Rest.</u>, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012). In determining whether to grant a default judgment, the court has the "responsibility to ensure that the factual allegations,

5

accepted as true, provide a proper basis for liability and relief." Ferrara v. Tire Shop Ctr., No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015). Accordingly, the district court must determine whether a plaintiff's allegations establish liability as a matter of law. See City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 137 (2d Cir. 2011) ("[P]rior to entering default judgment, a district court is required to determine whether the [plaintiff's] allegations establish the [defendant's] liability as a matter of law.") (internal quotation omitted).

Here, Coleman was served with the Amended Complaint on April 11, 2018. (DE [69].) To date, Coleman has failed to answer the Amended Complaint or otherwise appear in this action. On August 2, 2018, the Government requested a certificate of default with respect to Coleman, (DE [72],) which was issued by the Clerk of the Court on August 20, 2018. (DE [73].) As set forth above, Coleman's default deems the well-pleaded allegations of the Amended Complaint admitted.

Accordingly, this Court respectfully recommends that the Government's motion for default judgment against Coleman, as executor of the Estate of Anna Coleman, be granted.

II.   Damages

Once liability is established, the Court must ascertain damages with "reasonable certainty." Credit Lyonnais Sec. (USA) Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999). "While a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages." Greyhound, 973 F.2d at 158 (citations omitted). Rather, damages must be proven, usually "in an evidentiary hearing in which the defendant has an opportunity to contest the amount" claimed. Id. An evidentiary hearing is not required, however, if there is a basis, by detailed affidavits and other documentary evidence, for the damages awarded. See Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,

6

109 F.3d 105, 111 (2d Cir. 1997); Action S.A. v. Marc Rich & Co., 951 F.2d 504, 508 (2d Cir. 1991). Plaintiff is "entitled to all reasonable inferences" from the evidence it offers. Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981).

Here, the Government has offered the declaration of James J. Doane, Sr., an Advisory Revenue Officer for the IRS, dated September 13, 2018, which details that a tax assessment was made upon the Estate on May 7, 2007. (Doane Decl. ¶ 5.) "In general, a government tax assessment is entitled to a presumption of correctness." United States v. McCombs, 30 F.3d 310, 318 (2d Cir. 1994). Despite demand by the Government, the Estate has failed to make payment, resulting in a balance due and owing of $775,254.11, plus statutory additions and interest. (Doane Decl. ¶ 6.) Accordingly, this Court respectfully recommends that the Government be awarded $775,254.11, representing the unpaid balance of the federal estate tax, plus statutory additions, including interest, pursuant to 28 U.S.C. § 1961(c), from August 27, 2018 through the date of judgment herein.

## RECOMMENDATION

For the foregoing reasons, this Court respectfully recommends that the Government's motion for default judgment against Ronald D. Coleman, as executor of the Estate of Anna D. Coleman, be granted and that the Government be awarded the unpaid balance of the federal estate tax due and owing in the amount of $775,254.11, plus statutory additions, including interest, pursuant to 28 U.S.C. § 1961(c), from August 27, 2018 through the date of judgment herein.

## OBJECTIONS

A copy of this Report and Recommendation is being electronically served on counsel. Further, the Court is directing the Government to serve a copy of this Report and

Recommendation by overnight mail and first-class mail to Defendant at his last known address(es) and to file proof of service on ECF by March 21, 2019. Any written objections to the Report and Recommendation must be filed with the Clerk of the Court within fourteen (14) days of service of this report. 28 U.S.C. § 636(b)(1) (2006 & Supp. V 2011); FED. R. CIV. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further review of this report and recommendation either by the District Court of Court of Appeals. Thomas v. Arn, 474 U.S. 140, 145 (1985) ("[A] party shall file objections with the district court or else waive right to appeal."); Caidor v. Onondaga Cnty., 517 F.3d 601, 604 (2d Cir. 2008) ("[F]ailure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision.").

**SO ORDERED.**

Dated: Central Islip, New York
       March 19, 2019

                                                  /s/ Anne Y. Shields
                                                ANNE Y. SHIELDS
                                                United States Magistrate Judge